JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Anthony Vanderploeg,<br>      Debtor,<br><br>Jacques Powers,<br>      Plaintiff,<br>  v.<br>Anthony Vanderploeg,<br>      Defendant. | No.   CV 15-26 PA<br><br>OPINION ON APPEAL FROM BANKRUPTCY COURT<br><br>Bankruptcy Case No. 6:10-bk-45148-SY<br>Adversary Case No. 6:11-ap-1118-SY |

Before the Court is an appeal filed by plaintiff and appellant Jacques Powers ("Powers") challenging the dismissal of his adversary proceeding against defendant and appellee Anthony Vanderploeg ("Vanderploeg"). Both Powers and Vanderploeg have appeared in this appeal pro se. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

I.    <u>Background</u>

Vanderploeg filed a Chapter 7 bankruptcy petition on October 29, 2010. Powers commenced an adversary proceeding against Vanderploeg on February 7, 2011. In the adversary proceeding, in which Powers was initially represented by counsel, Powers sought

to determine the dischargeability of a $2,339,847.62 state court default judgment issued against Vanderploeg and others out of allegedly fraudulent misrepresentations made in connection with the purchase of a tree-trimming business owned by Powers.  In briefing submitted to this Court, Vanderploeg asserts that he was merely an employee of those who committed the fraud against Powers.

The attorney retained by Powers in the adversary proceeding filed a Motion for Default Judgment against Vanderploeg on August 25, 2011.  The Bankruptcy Court rejected the Motion because Powers had not obtained entry of Vanderploeg's default by the clerk and the attorney had selected the wrong hearing date, time, and location when filing the Motion.  On September 13, 2011, the Bankruptcy Court instructed Powers to correct the errors and re-file his Motion.  Powers did not re-file his Motion.  Instead, he apparently had a dispute with his attorney, and on October 3, 2011, executed and filed a Substitution of Attorney in which he appeared pro se to replace his retained counsel.

After replacing his counsel, Powers did not file a single document in the Bankruptcy Court for over three years.  On October 3, 2014, the Bankruptcy Court issued an Order to Show Cause why the adversary proceeding should not be dismissed for lack of prosecution.  Powers claims not to have received this Order to Show Cause, and the electronic docket does not appear to show that Powers was served.  Powers did not appear at the October 13, 2014 hearing set by the Bankruptcy Court on the Order to Show Cause and the Bankruptcy Court dismissed the adversary proceeding and ordered the main bankruptcy case closed.  The Bankruptcy Court issued a Discharge of Debtor to Vanderploeg on November 3, 2014, and closed the main bankruptcy case on December 3, 2014.

Although he may not have received notice of the Order to Show Cause, Powers did receive notice of Vanderploeg's November 3, 2014 discharge.  Powers filed a Motion to Reconsider and Reopen Adversary Proceeding on November 24, 2014.  The Bankruptcy Court conducted a hearing on Powers's Motion to Reconsider on December 18, 2014.  At that hearing, the Bankruptcy Court rejected Powers's efforts to blame his attorney, for whom he had substituted in, for the failure to prosecute, and concluded that even if Powers had not

received notice of the Order to Show Cause, the Bankruptcy Court would nevertheless dismiss the adversary proceeding for lack of prosecution:

> You didn't get notice of [the Order to Show Cause], so I'm going to rule again today. I -- now that you're here, now that I've heard your story, I will still dismiss this case.
>
> You were proceeding pro se since October 2011. You did nothing for three years. That is not how you prosecute a case. If you cared about this, if you really believed in this case, you would have done something. You would not just sit at your home and wait for this Court to tell you how to proceed with your case. This is a failure on your part as a plaintiff to prosecute this case.
>
> So I'm denying your motion because even if today was the hearing date on the order to show cause and you told me the same thing you're telling me now about why you failed to prosecute your case, my ruling would be the same. This is not how you prosecute a case. You do not sit for three years and do nothing and expect the court to do your work. This is your case. You had an opportunity for three years to advance the ball and get a default judgment. You did not.

(Transcript of Dec. 18, 2014 Hearing 6:17-7:10.)

In addition to denying Powers's Motion orally during the December 18, 2014 hearing, and alternatively again dismissing the adversary proceeding for lack of prosecution, the Bankruptcy Court issued a written order denying the Motion to Reconsider on December 22, 2014. Powers filed a Notice of Appeal on December 30, 2014, and elected to have the appeal heard by this Court. Powers has never sought relief from the Discharge of Debtor filed in the main bankruptcy action. Nor has he appealed that discharge.

II.     Standard of Review

The dismissal of an action for lack of prosecution is reviewed for abuse of discretion. In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994). Discretionary rulings should not be disturbed without a definite and firm conviction that the Bankruptcy Court committed a clear error of judgment. See In re Lowenschuss, 67 F.3d 1394, 1399 (9th Cir. 1995). The Bankruptcy Court's decision may be affirmed on any ground finding support in the record. Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1364 (9th Cir. 1992).

III.    Discussion

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41—that defendant "may" move for dismissal—does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El

Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

"Although beneficial to the reviewing court, a district court is not required to make specific findings on each of the essential factors." In re Eisen, 31 F.3d at 1451. When the lower court does not make specific findings, the reviewing court reviews the record independently to determine if the lower court abused its discretion. Id.

This case is nearly indistinguishable from In re Eisen, in which the Ninth Circuit affirmed the dismissal of a bankruptcy action where the plaintiff in an adversary proceeding took no action for four years. Id. at 1452 ("The four year delay in this case is clearly unreasonable."); see also In re Osinga, 91 B.R. 893, 896 (9th Cir. BAP 1988) (holding that delay of 29 months "demonstrates per se lack of prosecution"); In re Hunt, __ F. App'x __, 2015 WL 1405225, at *1 (9th Cir. Mar. 30, 2015) (affirming dismissal of bankruptcy appeal for lack of prosecution).

Here, Powers signed the substitution of attorney form and assented to appearing pro se in the adversary proceeding. At that time, on October 3, 2011, Powers knew that the adversary proceeding was still pending and that no default judgment had been entered against Vanderploeg. Nevertheless, Powers took no action for more than 3 years. The public's interest in expeditious resolution of the litigation and the Bankruptcy Court's need to manage its docket therefore strongly support the Bankruptcy Court's exercise of its discretion to dismiss the adversary proceeding. Indeed, because of the pendency of the adversary proceeding, the main bankruptcy proceeding also remained pending until the Bankruptcy Court dismissed the adversary proceeding and issued the Discharge of Debtor.

The risk of prejudice to defendant also strongly favors dismissal for lack of prosecution. Vanderploeg's bankruptcy proceeding remained pending, and he was not issued a discharge for more than 3 years as a result of Powers's failure to prosecute the adversary proceeding. In re Eisen, 31 F.3d at 1453-54.

"Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, Powers abdicated that responsibility and this factor therefore does not weigh against dismissal for lack of prosecution.

The Ninth Circuit has "'never held that explicit discussion of alternatives is necessary for an order of dismissal to be upheld.'" In re Eisen, 31 F.3d at 1454-55 (quoting Malone v. U.S. Postal Service, 833 F.3d 128, 132 (9th Cir. 1987)); see also In re Osinga, 91 B.R. at 895 ("Although the Ninth Circuit Court of Appeals has indicated a preference for explicit discussion by the trial court of the feasibility of lesser sanctions when ordering dismissal, it has never ruled that explicit discussion of alternatives is necessary for an order of dismissal to be upheld. Under egregious circumstances, it is unnecessary (although helpful) for a trial court to discuss why alternatives to dismissal are infeasible."). Powers's delay here is an "egregious circumstance" that excuses the Bankruptcy Court's failure to explicitly discuss and reject lesser sanctions. Moreover, the record establishes that no lesser sanctions would be appropriate in this situation. Powers provided no excuse for his failure to prosecute, and the Court can conceive of no appropriate sanction short of dismissal in these circumstances.

Finally, Powers's apparent lack of receipt of the Bankruptcy Court's initial Order to Show Cause does not provide sufficient grounds for reversal of the Bankruptcy Court's order dismissing the adversary proceeding. By treating Powers's Motion to Reconsider as a response to the Order to Show Cause, and stating that " now that you're here, now that I've heard your story, I will still dismiss this case," the Bankruptcy Court cured any defect in the procedure it employed. Powers did have an opportunity to argue why his adversary proceeding should not be dismissed for lack of prosecution. The Bankruptcy Court considered Powers's story, and found that his failure to prosecute the adversary proceeding was not justified. This Court cannot conclude that the Bankruptcy Court abused its discretion in making that determination. See In re Eisen, 31 F.3d at 1455-56.

IV. <u>Conclusion</u>

For all of the foregoing reasons, the Court affirms the Bankruptcy Court's dismissal of the adversary proceeding for lack of prosecution.

IT IS SO ORDERED.

DATED: May 15, 2015

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

cc: **Bankruptcy Court**